IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DEVON TYRONE EVANS,

                     OPINION AND ORDER

        Plaintiff,

                     20-cv-860-bbc

  v.

ERIC HANSEN, DONOVAN J. CARLSON,
BARRY BABLER, AARON HOPPE, LESLI
S. BOESE AND MENOMONEE FALLS
POLICE DEPARTMENT,

        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff and prisoner Devon Tyrone Evans has filed a civil action under 42 U.S.C. § 1983, alleging that a police officer from the Menomonee Falls Police Department shot and injured him during a foot chase. His complaint is before the court for screening under 28 U.S.C. § 1915A, to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. As explained below, plaintiff may proceed with a Fourth Amendment excessive force claim against Eric Hanson. However, plaintiff's allegations do not state a claim against any other defendant, so I will dismiss the other defendants from the case.

Plaintiff alleges the following facts in his complaint.

1

ALLEGATIONS OF FACT

On November 6, 2018, plaintiff Devon Tyrone Evans drove away from a Menomonee Falls gas station without paying for his gas. Police attempted to stop plaintiff, but plaintiff eluded a traffic stop and then got out of his car and ran into a neighborhood. He entered a home, but quickly left because police officers were pursuing him. Plaintiff ran into the street and one of his shoes came off. He saw defendant Eric Hansen, a police officer with the Menomonee Falls Police Department, so plaintiff held his arms up to show that he was not armed. He was holding his shoe, and he yelled for Hansen not to shoot. Defendant Donovan Carlson, another officer with the police department, was also near by. Both officers could see that plaintiff was not armed. Plaintiff then started running again, with Hansen and Carlson chasing him.

Defendant Barry Babler, a detective with the police department, arrived in his squad car, and cut off plaintiff's path. Babler had his gun drawn. Plaintiff ran and hid by a shed. He put his shoe back on. Babler then commanded plaintiff to come out with his hands raised. Plaintiff came out with his hands up and was shot in the arm immediately by defendant Hansen. Plaintiff was subsequently taken into custody.

OPINION

Plaintiff contends that defendants' actions violated his rights under the Fourth Amendment. The Fourth Amendment prohibits unreasonable searches and seizures and in particular, prohibits law enforcement officers from using force that is excessive or

2

unreasonable during a search or seizure. Archer v. Chisholm, 870 F.3d 603, 617 (7th Cir. 2017). Whether force is excessive or unreasonable depends on the circumstances, id., and whether an officer's use or display of a weapon is reasonable depends on whether an objectively reasonably officer would think there is a risk of danger. Baird v. Renbarger, 576 F.3d 340, 342, 344 (7th Cir. 2009). Under these standards, plaintiff's allegations are sufficient to state a Fourth Amendment excessive force claim against defendant Eric Hansen. Plaintiff alleges that Hansen had seen that he was unarmed, that plaintiff had attempted to surrender with his arms raised and that Hansen shot him anyway.

However, plaintiff's allegations do not support any claim against any other defendant. Plaintiff does not allege that Officer Carlson or Detective Babler used excessive force against him, and his allegations do not suggest that either of these defendants could have intervened to stop Hansen from shooting plaintiff. Instead, plaintiff alleges that Hansen shot him as soon as he stepped out from behind the shed.

Plaintiff also names as defendants Aaron Hoppe, a detective from the Waukesha Sheriff's Department, and Leslie Boese, the Waukesha district attorney. However, he has not alleged that either Hoppe or Boese was responsible for his being shot by Hansen. He alleges only that these defendants conspired to violate his rights. These allegations are too vague to support any claim of relief.

Finally, plaintiff names the Menomonee Falls Police Department, but the police department is not a "person" that may be sued under § 1983. Although Wisconsin municipalities may be sued, see Wis. Stat. § 62.25, agencies and departments may not. Best

3

v. City of Portland, 554 F.3d 698, 698 n.1 (7th Cir. 2009) ("a police department is not a suable entity under § 1983"); Whiting v. Marathon County Sheriff's Dept., 382 F.3d 700, 704 (7th Cir. 2004) (sheriff's department is not a "legal entity separable from the county government" and thus is not subject to suit under § 1983).

For all of these reasons, plaintiff may proceed with a claim against defendant Hansen, but all of the other defendants will be dismissed from this case.

ORDER

IT IS ORDERED that

1. Plaintiff Devon Tyrone Evans is GRANTED leave to proceed on a claim that defendant Officer Eric Hansen used excessive force against him in violation of his rights under the Fourth Amendment.

2. Plaintiff is DENIED leave to proceed on any other claim. Donovan Carlson, Barry Babler, Aaron Hoppe, Leslie Boese and Menomonee Falls Police Department are DISMISSED.

3. For the time being, plaintiff must send defendant a copy of every paper or document he files with the court. Once plaintiff has learned what lawyer will be representing defendant, he should serve the lawyer directly rather than defendant. The court will disregard any documents submitted by plaintiff unless plaintiff shows on the court's copy that he has sent a copy to defendant or to the defendant's attorney.

4. Plaintiff should keep a copy of all documents for his own files. If plaintiff does not

have access to a photocopy machine, he may send out identical handwritten or typed copies of his documents.

5. The clerk's office will prepare summons and the U.S. Marshal Service shall affect service upon defendant.

6. If plaintiff is transferred or released while this case is pending, it is his obligation to inform the court of his new address. If he fails to do this and defendant or the court are unable to locate him, his case may be dismissed for failure to prosecute.

Entered this 19th day of October, 2020.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge