DEVON TYRONE EVANS,
    Plaintiff,

v.

    Case No. 20-CV-860

ERIC HANSEN,
    Defendant,

PLAINTIFF'S RESPONSE TO
DEFENDANT'S PROPOSED FINDINGS OF FACT

Plaintiff, Devon Tyrone Evans, acting herein in pro-se, submits the following response to the Defendant's Proposed Findings of Fact in support of his motion for summary judgment.

### Parties

1. No dispute.

2. No dispute.

### Jurisdiction and Venue

3. No dispute.

4. No dispute.

5. No dispute.

### November 6, 2018: Evans' arrest

**Evans committs theft, flees, and leads officer on a high speed pursuit.**

6. No dispute.

7. No dispute.

8. No dispute.

9. Dispute. Plaintiff objects to the Defendant's overly broad use of the words, "High rate of speed." and "nearly." Plaintiff further asserts that he exited his vehicle with his empty hands high up in the air signaling that he was unarmed. To support this dispute it was captured on the dash cam video and was witnessed by the passenger Annette Oliver. (Decl. Evans ¶10 ¶11 and the dash cam video.)

-1-

10. Dispute. Plaintiff asserts that he never told Annette Oliver that he wasn't going back to jail as he exited his vehicle. (Evans Decl. ¶7)

11. No dispute.

12. No dispute.

13. No dispute.

14. Dispute. Plaintiff objects to the Defendant's misleading use of the word, "fought" seeing as how there was absolutely no physical contat between him and the homeowner. Plaintiff further asserts that no where in their Motion for Summary Judgment is there a declaration from the homeowner declaring that there was any physical contact between them. (Evans Decl. ¶15)

15. Dispute. No where at #8 of Hansen's declaration does he use the word "encroach." Plaintiff seriously doubts that Bellows used the word "encroach" when yelling to Hansen and that this is just one of the many blatant examples of how Officers of the MFPD are willing to play fast and loose with their words, rules and actions. (Bellow's Decl. ¶7, Hansen's Decl ¶8)

16. No dispute.

### Officers observe Evans running with what appeared to be a weapon.

17. Dispute. Hansen's qualifying use of the word "appears" shows that he wasn't 100% positive of what, if anything Plaintiff was carrying. Plaintiff further asserts that he never had a weapon in his hands as he was running. (Hansen Decl. ¶9, Evans Decl. ¶44.)

18. No dispute.

19. Dispute. Plaintiff disputes and objects to Hansen's self-serving assertion that Evans had anything in his hands. Let alone a "long gun." Plaintiff further disputes that he said to Hansen, "Fucking shoot me," or "Fuck you, shoot me." The fact that not even Hansen is sure of what was said demonstrates that these so-called statements in fact are not facts at all. Plaintiff further asserts that he raised his hands in the air while shouting, "Don't shoot! Don't shoot!" (Evans Decl. ¶21)

20. Dispute. Carlson's qualifying use of the word "appeared" clearly shows that even he wasn't sure Evans had a "handgun." Thus it is not a fact at all. Plaintiff further disputes that he ever yelled, "I'll shoot, I'll shoot." Plaintiff asserts that he was shouting, "Don't shoot! Don't shoot!" (Evans Decl. ¶22 and ¶45.)

21. Dispute. Plaintiff objects to Hansen's use of the word "believed". Beliefs are not facts. Furthermore Plaintiff objects to the Defendant's use of the word "elongated" as being overly broad. Was this a handgun as suggested by Carlson? Or a rifle, as suggested by Hanson? (Carlson's Decl. ¶7, Hansen's Decl. ¶10)

22. Dispute. Hansen's beliefs are in fact not facts. Plaintiff was not armed. All he was doing was running. (Evans Decl. ¶ 48)

-2-

Case 2:22-cv-00606-LA   Filed 10/05/21   Page 2 of 5   Document 44

23. No dispute.

24. No dispute.

25. Dispute. Plaintiff disputes that he was even "challenging" Bellows either verbally or non-verbally. (Evans Decl. ¶49)

26. No dispute.

27. Dispute. Plaintiff asserts that the real reason Hansen did not discharge his weapon at this time was because he could clearly see that Evans was unarmed and that there might be witnesses. (Evans Decl. 1 thru 54 and Dash Cam Video)

### Evans flees and barricades himself behind the River of Life Church

28. Dispute. What Hansen "believed" or did not believe, are not facts. The fact that he broadcast, "Watch his hands," means nothing. What was he supposed to broadcast? "Don't watch his hands!" Plaintiff asserts that he was running unarmed and had his hands up. (Evans Decl. ¶44 and Dash Cam Video)

29. Dispute. Plaintiff strongly disputes the allegation that he ever yelled, "I'll shoot." Plaintiff further asserts that he was running with his empty hands high in the air clearly demonstrating that he was unarmed. (Evans Decl. ¶10 ¶22 ¶32 ¶33 ¶44 and Dash Cam Video)

30. Dispute. The phrase, "Given the circumstances," is overly broad. With that said it should be noted that at no time has Babler declared that he saw Evans armed, nor did he Babler shoot Evans. (Babler's Decl in its entirety)

31. No dispute.

32. Dispute. What Babler "believed" or did not believe are not facts. Plaintiff further asserts that it was at this point he realized he was boxed in with two officers behind him and one in front of him so he decided to surrender and came out with his empty hands high up for at least ten seconds. This is when he was shot. (Evans Decl. ¶32-33, ¶51)

33. Dispute. Hansen's use of the word "appeared" clearly shows that even he wasn't certain at that point and thus is in fact not a fact. Plaintiff further asserts that at this point he did not have anything in his hands when he was attempting to surrender. (Evans Decl. ¶32-33)

34. Dispute. Hansen's qualifying use of the word, "appeared" shows that even he, the only officer to discharge his weapon, wasn't sure that Evans was armed, and thus this is in fact not a fact. Plaintiff further asserts that he was never trying or intending to ambush anyone. (Evans Decl. ¶47 and Dash Cam Video)

35. Dispute. Multiple officers order Evans to stop, at first Evans disobeys those orders and flees. But when he does stop he gets shots. It's now Hansen's position that this shooting was justified because Evans stopped. (Hansen's Decl in its entirety)

-3-

36. Dispute. Babler's qualifying use of the word "appearance" shows that he had his doubts, and thus this statement is in fact not a fact. Furthermore if what Babler alleges is true, then why didn't he fire his weapon? Perhaps it's because he wasn't out of control like a rabid dog on the hunt for a fox, like the Officer who did, in fact, discharge his weapon so many times he couldn't remember how many times he pulled the trigger. Plaintiff further asserts that at no time just prior to his being shot, were his actions threatening. (Evans Decl. ¶50)

37. Dispute. "Based on his perception." Perception is not a fact. Furthermore what Hansen "believed" or did not believe are not facts, they're beliefs. Plaintiff further asserts that Hansen shot him 3 times, in the back, while he was unarmed, with his empty hands high in the air for a minimum of 10 seconds posing no threat to anyone and at the point of surrendering. Evans Decl. ¶50)

38. Dispute. If Hansen had "target acquisition . . . ." then how did he miss 6 out of 9 shots? Plaintiff further asserts that at the time Hansen discharged his weapon he was surrendering, with his empty hands high in the air for a minimum of ten seconds just prior to his being shot. (Evans Decl. ¶ 33)

39. Dispute. Hansen's perceptions are not facts. Plaintiff further asserts that at least ten seconds before he was shot, from behind, he was not posing an imminent threat to anyone. (Evans Decl. ¶ 33 and ¶50)

40. Dispute. What Bellows "believed" or did not believe is not a fact. Plaintiff further asserts that he was unarmed, attempting to surrender, with his empty hands high in the air for at least 10 seconds just prior to his being shot. (Evans Decl. ¶50)

41. Dispute. What Babler "believed" or did not believe is not a fact. Plaintiff further asserts that he was never armed so he doesn't know why Babler believed that he was armed when Hansen shot him. (Evans Decl. ¶ 44)

42. Dispute. Potential is not a fact. Plaintiff further asserts that he was never armed while he was running away. That he was shot from behind. (Evans Decl ¶ 44)

43. No dispute.

44. No dispute.

45. Dispute. Evans was never charged with possession of a weapon. A weapon was never recovered. Other than fleeing Evans never physically resisted or challenged anyone. (Evans Decl. ¶ 51)

46. Dispute. a "belief" is not a fact. Plaintiff further asserts that he doesn't know why the Waukesha County DA rendered the conclusion that Hansen was privileged to use deadly force against him when he was unarmed and attempting to surrender with his empty hands high in the air for a minimum of ten seconds just prior to his being shot. (Evans Decl. ¶ 50 and ¶52)

-4-

Dated this 10 day of ~~○~~ 3 , 2021.

/s/ Devon T. Evans
Devon T. Evans
Waupun Correctional Institution
P.O. Box 351
Waupun, WI 53963-0351