**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

---

Devon Tyron Evans,

                Plaintiff,

vs.                                         Case No. 20-CV-00860

Eric Hansen,

                Defendant.

---

**DEFENDANT'S REPLY MEMORANDUM**
**IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT**

---

Defendant Eric Hansen, by his attorneys, Gunta Law Offices, S.C., submits the following Reply Memorandum in support of his Motion for Summary Judgment.

## INTRODUCTION

Plaintiff Evans has attempted to avoid summary judgment by submitting his Declaration contradicting some, but not all, of the observations of the Menomonee Falls police officers who were present and witnessed Evans running from police, ignoring commands, acting in ways to appear he was armed, unlawfully entering a private citizen's home, and taking cover and hiding once officers closed in on his location. Specifically, Evans has stated, without any support in the record other than his Declaration, that he stood from his hiding place, put his hands high in the air and held them there for ten seconds before being shot. (Docket #45, ¶¶ 32-33) Evans' self-serving statements, as well as any issues of fact raised in his Response to Defendant's Proposed Findings of Fact and Response Memorandum, are insufficient to defeat Defendant's Summary Judgment motion.

## DISCUSSION

### I. Evans' Self-Serving Declaration Cannot Defeat Summary Judgment.

Evans has tried to defeat summary judgment by submitting his Declaration contradicting facts contained in the Declarations of Detective Bellows, Detective Babler and Officer Hansen, all of whom witnessed Evans' actions and believed Evans was armed at the time Officer Hansen shot him. (Bellows Dec. ¶ 12; Babler Dec. ¶ 13; Hansen Dec. ¶¶ 18-22) Evans states he came out from his hiding spot and held his empty hands high in the air for ten seconds before he was shot. (Evans Decl. ¶¶ 32-33, 52-53) There is no evidence in the record to support these statements.

Self-serving statements contained in an affidavit or declaration will not defeat a motion for summary judgment when those statements are without factual support in the record. *Albiero v. City of Kankakee*, 246 F.3d 927, 933 (7th Cir. 2001). *See also Rogers v. City of Chicago*, 320 F.3d 748, 750 (7th Cir. 2003), construing *Albiero* as holding that "self-serving affidavits without factual support in the record do not create an issue of material fact."

Evans' attempt to defeat summary judgment with statements not supported by the record must fail.

### II. Any Disputed Facts Do Not Negate Officer Hansen's Right to Use Lethal Force.

Despite his protestations that his actions did not mirror Officer Hansen's observations, resulting in genuine issues of material facts precluding summary judgment, Evans agrees that:

- Evans fled in his vehicle after being pulled over and initially stopping. (Evans' Response to DPFF 8)

- Detective Bellows also saw Evans running through the yards with his arms tucked into his body as if he were concealing something. At that point, Detective Bellows was also concerned that Evans was concealing a weapon. (Evans' Response to DPFF 23)

- Due to his belief that Evans was armed, Detective Bellows put his squad in park, drew his firearm, and commanded Evans to stop. Evans ignored Detective Bellows' command and continued to flee. (Evans' Response to DPFF 24)

- Given the totality of the circumstances that Evans had fled officers, ignored commands, and appeared to be armed, Detective Bellows believed that Evans posed an imminent threat to Officer Hansen, other officers, himself, and homeowners in the surrounding residential area. (DPFF 26)

- Evans ignored Detective Babler's command and continued moving towards the rear of the church and ultimately concealed himself behind garbage cans. (Evans' Response to DPFF 31)

- Evans came out from his concealed position after he was shot. (Evans' Response to DPFF 44)

Negating the self-serving statements in Evans' Declaration as discussed above, Evans also submits no evidence to disprove Officer Hansen's subjective perception that, at the time Officer Hansen discharged his duty weapon, he perceived that Evans posed a threat of imminent death or great bodily harm to the officers who were responding to the scene. (DPFF 39, Hansen Decl. ¶ 22) This also applies to the lack of evidence other than Evans' Declaration which can negate the other officers on the scene subjective belief that Evans was a threat to Officer Hansen and others in the vicinity. (DPFF 36, 41, Detective Babler believed Evans was armed when Officer Hansen discharged his weapon and was fearful that Evans would harm Officer Hansen. *See* Babler Decl. ¶¶ 12-13; DPFF 40, Detective Bellows believed that Evans was armed at that time Officer Hansen discharged his duty weapon. *See* Bellows Decl. ¶ 12)

The critical Fourth Amendment inquiry in this case is whether at the moment Officer Hansen fired his weapon, he reasonably perceived that Evans posed an immediate threat to him or others. As demonstrated by the factual record and, most importantly, the perception of the on-scene officers, Officer Hansen did reasonably perceive Evans as an immediate threat; therefore, the use of deadly force was constitutionally permissible. *See DeLuna v. City of Rockford*, 447 F.3d 1008, 1011–12 (7th Cir. 2006).

Based on the facts taken as a whole, without benefit of 20/20 hindsight, a reasonable officer would have reasonably believed that Evans posed an imminent threat of death or great bodily harm to himself, the other officers at the scene, and any civilians in close proximity. The undisputed facts support this conclusion.

### III.     Evans' Case Law Misstates Applicable Law.

Evans cites to cases involving use of force but are not dispositive of the issue in this case: whether Officer Hansen reasonably believed Evans' actions placed "him, his partner, or those in the immediate vicinity in imminent danger of death or serious bodily injury," such that Officer Hansen could reasonably exercise the use of deadly force." *Sherrod v. Berry*, 856 F.2d 802, 805 (7th Cir. 1988); *Scott*, 346 F.3d at 757.

Evans cites to a multitude of cases to support his position that Hansen's use of force violated his Fourth Amendment rights, citing to a multitude of Eighth Amendment incarcerated prisoner claims. None of the legal analysis set forth in those cases applies in this case.

For example, Evans cites to *Hudson v. McMillain*, 503 US. 1, 112 S.Ct. 995 (1992), for the proposition that an officer's use of force violates the Fourth Amendment depends on whether it was… "applied in good-faith efforts to maintain or restore discipline or maliciously and sadistically to cause harm." (Dkt. # 43, Response Brief at p. 2)  The issue in *Hudson* was whether,

in an Eighth Amendment case brought by a prisoner, the use of excessive physical force against a prisoner may constitute cruel and unusual punishment when the inmate does not suffer serious injury.  The discussion of the use of force as cited by Evans is not the same analysis of whether use of lethal force violates the Fourth Amendment in the current case – that being officers on the street attempting to stop a fleeing individual who appeared to be armed and threatening to the officers and others in the area.

The same comparison in legal analysis applies to the case of *Whitley v. Albers,* 473 U.S. 312, 106 S.Ct. 1078 (1986), also an Eighth Amendment case cited by Evans.  The *Whitley* Court the principal question before us was what legal standard should govern the Eighth Amendment claim of an inmate shot by a guard during a prison riot. The Whitley Court based its answer on the settled rule that " 'the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment.'" *Id.,* at 319, 106 S.Ct., at 1084 (quoting *Ingraham v. Wright,* 430 U.S. 651, 670, 97 S. Ct. 1401, 1412 (1977))(internal quotation omitted)….What is necessary to establish an "unnecessary and wanton infliction of pain," we said, varies according to the nature of the alleged constitutional violation. 475 U.S. at 320, 106 S. Ct. at 1085 (i.e., whether a guard is simply getting an inmate to cooperate in a non-threatening situation, vs. a guard dealing with rioting prisoners). (CITE)

The additional cases cited by Evans, *Miller v. Leathers*, 913 F.2d 1085 (4th Cir. 1990); *Oliver v. Collins*, 914 F.2d 56 (5th Cir. 1990); and *Orwat v. Maloney*, 360 F. Supp. 2d 146 (D. Ct. Mass 2005) are all also Eighth Amendment cases, where the legal analysis of whether the use of force by prison officials violated the prisoner's Eighth Amendment rights, are inapplicable to this Fourth Amendment use of force case.

As stated in Defendant's principal brief, the appropriate analysis is:

> Where the officer has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others, it is not constitutionally unreasonable to prevent escape by using deadly force. Thus, if the suspect threatens the officer with a weapon or there is probable cause to believe that he has committed a crime involving the infliction or threatened infliction of serious physical harm, deadly force may be used if necessary to prevent escape, and if, where feasible, some warning has been given.

*Tennessee v. Garner*, 471 U.S. at 11–12. As demonstrated in Defendant's Memorandum supporting his Summary Judgment Motion, this standard has been met, requiring dismissal of Evans' claims.

## IV. Officer Hansen is Entitled to Qualified Immunity.

Evans again relies on the self-serving statements in his Declaration, unsupported by any evidence in the record, that he held his hands in the air for ten seconds before being shot by Officer Hansen, to argue that Officer Hansen is not entitled to qualified immunity. (Evans' Response Memorandum at pp. 2-3) For the reasons stated above in Section I of this Reply Memorandum, Evans cannot rely on those statements to defeat Defendant's summary judgment motion.

Evans has not provided any case citations to discount the arguments set forth in Defendant's principal memorandum on the issue of qualified immunity. No clearly established law rendered Officer Hansen's use of deadly force to stop the active threat posed by Plaintiff–who was a fleeing felon, that he believed to be armed, and who positioned himself in a target acquisition stance pointing a weapon in the direction of officers– unreasonable. *See Ford v. Childers,* 855 F.2d 1271, 1275 (7th Cir. 1988) (under the objective reasonableness standard, if it appears that an individual poses a serious threat of death or significant bodily harm, deadly force may be used if any misinterpretation of what appeared to be the case was reasonable under the particular facts and circumstances); *Henning,* 477 F.3d at 495 ("Deadly force…is reasonable where an officer has probable cause to believe the suspect poses a danger of serious bodily harm, such as when the

officer believes the suspect has a weapon or has committed a violent crime."); *Conley-Eaglebear v. Miller,* (No. 1:2014cv1175 (E.D. Wis. 2016)(officer shooting suspect in back as he was beginning to turn toward officer with a gun in his hand was justified in doing so because the suspect posed a serious threat of physical harm in making this movement).

Even viewing the facts most favorable to Evans, Hansen is still entitled to qualified immunity.

## CONCLUSION

For the reasons stated in this Reply Memorandum and in Defendant's Memorandum supporting his Summary Judgment Motion, Defendant respectfully requests the Court dismiss all of Plaintiff's claims against him, with prejudice.

Dated at Wauwatosa, Wisconsin this 28th day of October, 2021.

**GUNTA LAW OFFICES, S.C.**
Attorneys for Defendant

/s/ Ann C. Wirth
Gregg J. Gunta, WI Bar No. 1004322
Ann C. Wirth, WI Bar No. 1002469
Jasmyne M. Baynard, WI Bar No. 1099898
Kyle R. Moore, WI Bar No. 1101745
Kiley B. Zellner, WI Bar No. 1056806
9898 W. Bluemound Road, Suite 2
Wauwatosa, Wisconsin  53226
T: (414) 291-7979 / F: (414) 291-7960
Emails:      gjg@guntalaw.com
               acw@guntalaw.com
               jmb@guntalaw.com
               krm@guntalaw.com
               kbz@guntalaw.com