UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

Devon Tyron Evans,

                          Plaintiff,

vs.                                                   Case No. 22-CV-00606

Eric Hansen,

                          Defendant.

---

### DEFENDANT'S PRETRIAL REPORT

---

Defendant Eric Hansen, by his attorneys, Wirth + Baynard, submits this pre-trial report pursuant to Rule 16(c) of the Local Rules of Civil Procedure:

**A.  SUMMARY OF THE FACTS, CLAIMS, AND DEFENSES**

    **1.  Factual Summary**

Plaintiff, Devon Evans ("Evans"), is proceeding to trial on a Fourth Amendment excessive force claim against Defendant Menomonee Falls Police Officer Eric Hansen ("Officer Hansen"). On November 6, 2018, Officer Hansen shot Evans, after pursuing Evans on foot and believing that Evans was carrying a weapon and posed a threat to others and himself.  Many of the facts leading up to the shooting are undisputed and include Evans: stealing gas from a gas station located in Menomonee Falls; leading the police on a pursuit through a residential area of Menomonee Falls with an item in his hand; breaking into a home and assaulting the homeowner; and retreating from the home and hiding from officers behind a deck attached to a church. *See (*Dkt. 51, pp. 2-5)

The parties filed competing declarations, which disputed what happened after Evans hid behind the deck attached to the church. (Dkts. 31-35, 39)  According to Officer Hansen he and other officers ordered Evans to get down and show his hands, but Evans refused. Officer Hansen

believed Evans had positioned himself with a long gun pointed in the direction of Detective Barry Babler. Officer Hansen believed Evans intended to ambush Detective Babler, and posed an immediate threat to other officers and himself.

Evans state he was holding a shoe during the chase but stopped at some point before the church and put it back on his foot. Evans also contends that after he realized that he was boxed in and surrounded by police officers, he decided to surrender and that he stood up with his hands raised over his head and started walking slowly forward, at which point Officer Hansen shot him multiple times in the back.

### 2. Claim and Defenses

Evans claims that Officer Hansen used excessive force against him in violation of the Fourth Amendment. To succeed on this claim, Evans must prove each of the following elements by preponderance of the evidence: (1) Officer Hansen used unreasonable force against Plaintiff and (2) Officer Hansen acted under color of law. The second element is not in dispute.

Officer Hansen denies violating Evans' rights, and, in the alternative, asserts that he was protected by qualified immunity.

In performing his job, Officer Hansen could use force that was reasonably necessary under the circumstances. Officer Hansen could use deadly force when a reasonable officer, under the same circumstances, would believe that the suspect's actions placed him or others in the immediate vicinity in imminent danger of death or serious bodily harm. It is not necessary that this danger actually existed and Officer Hansen was not required to use all practical alternatives to avoid a situation where deadly force was justified.

Governmental officials performing discretionary functions are shielded from liability so far as their conduct does not violate any clearly established constitutional rights of which a

reasonable person would have known. *Hinnen v. Kelly*, 992 F.2d 140, 142 (7th Cir. 1993). There is generally a two-part test in determining whether qualified immunity should be granted to a governmental actor: (1) whether the plaintiff has established a deprivation of a constitutional right; and, if so, (2) whether the right was clearly established at the time of the alleged violation. *Wilson v. Layne*, 526 U.S. 603, 609 (1999). The question of whether immunity attaches is a question of law. *Elder v. Holloway*, 510 U.S. 510, 516 (1994). As such, in the event the jury finds the force to be unreasonable, the Court will still need to determine if Officer Hansen's conduct violated clearly established law.

**B.     STATEMENT OF THE ISSUES.**

Pursuant to the March 11, 2022, Summary Judgment Order (Dkt. 50), the remaining issues to be determined at trial are:

1. Whether Officer Hansen's use of force was reasonable;

2. Whether Officer Hansen's conduct injured the Plaintiff;

3. What amount, if any, will fairly compensate Plaintiff; and

4. Whether Officer Hansen is entitled to qualified immunity.

**C.     LAY WITNESS IDENTIFICATION.**

The Defense intends to call the following witnesses at trial:

**Devon T. Evans (adversely)**
Green Bay Correctional Institution

**Annette Oliver (adversely)**
1415 N. 6th Street,
Milwaukee, WI 53205

**Eric Hansen**
Menomonee Falls Police Department
W156N8480 Pilgrim Rd.
Menomonee Falls, WI 53051

**Christopher Bellows**
Menomonee Falls Police Department
W156N8480 Pilgrim Rd.
Menomonee Falls, WI 53051

**Donovan Carlson**
Menomonee Falls Police Department
W156N8480 Pilgrim Rd.
Menomonee Falls, WI 53051

**Barry Babler**
22484 Joanne Dr.
Port Charlotte, FL 33954

Mr. Babler was employed by the Menomonee Falls Police Department at all relevant times. Since the filing of this suit, Mr. Babler has retired and moved out of state. The parties have stipulated that Mr. Babler may testify remotely via live video.

**Jody D. Kropp**
Waukesha County Sheriff's Department
515 W. Moreland Boulevard
Waukesha, WI 53188

**Aaron J. Hoppe**
Waukesha County Sheriff's Department
515 W. Moreland Boulevard
Waukesha, WI 53188

**Gordon Zyhowski**
W154N7705 Pheasant Ln.
Menomonee Falls, WI 53051

**Lindsey A. Ramirez**
W156N7616 Pilgrim Rd.
Menomonee Falls, WI 53051

*Defendant reserves the right to call any witnesses identified by the Plaintiff.*

D.  **EXPERT WITNESS IDENTIFICATION.**

Neither party has disclosed or identified any expert in accordance with Fed. R. Civ. P. 26(a)(2), thus this section is not applicable.

**E.     EXHIBIT LIST.**

*See attached* Exhibit List, using U.S. Courts Form AO-187. *Defendant reserves the right to refer to any Exhibits identified by the Plaintiff.*

**F.     DEPOSITION DESIGNATIONS.**

Not applicable.

**G.     ESTIMATED LENGTH OF TRIAL.**

Defendant estimates that the trial should take three days.

**H.     THE PARTIES HAVE REQUESTED A JURY TRIAL.**

    **i.     Proposed Voir Dire:** (*see attached*)

    **ii.    Proposed Jury Instructions:** (*see attached*)

    **iii.   Proposed Verdict Forms**: (*see attached*)

Dated at Wauwatosa, Wisconsin this 28th day of December, 2022.

                                        **WIRTH + BAYNARD**
                                        Attorneys for Defendant

                                        *s/ Jasmyne M. Baynard*
                                        Jasmyne M. Baynard, WI Bar No. 1099898
                                        Kiley B. Zellner, WI Bar No. 1056806
                                        9898 W. Bluemound Road, Suite 2
                                        Wauwatosa, Wisconsin 53226
                                        T: (414) 291-7979 / F: (414) 291-7960
                                        Emails:     jmb@wbattys.com
                                                               kbz@wbattys.com