# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DEVON TYRONE EVANS,**
      **Plaintiff,**

v.                                                                         Case No. 22-cv-0606

**ERIC HANSEN,**
      **Defendants.**

## DECISION AND ORDER

Plaintiff Devan Evans brings this action under § 1983 alleging defendant Eric Hansen, a City of Menomonee Falls police officer, violated his Fourth Amendment right to be free of unreasonable force. Before me are the parties' motions in limine.

## I. BACKGROUND

On November 6, 2018, plaintiff stole gasoline from a gas station in Menomonee Falls. Police, including defendant, responded to a report of stolen gas and pursued plaintiff's vehicle. Plaintiff fled from the police and crashed into another vehicle before driving away. Plaintiff then fled on foot and ran into a house to hide. The homeowner confronted plaintiff, and plaintiff left. Plaintiff then hid in an alley. Defendant approached plaintiff from behind while another officer approached from the front and ordered plaintiff to put his hands up. Plaintiff states that he put his hands up and surrendered. Defendant argues that plaintiff refused to show his hands and appeared to be pointing a gun in the direction of the other officer. Defendant fired at the plaintiff nine times, hitting him three times.

## II. DISCUSSION

I have discretion in ruling on evidentiary questions in motions in limine. *Jenkins v. Chrysler Motors Corp.*, 516 F.3d 663, 663 (7th Cir. 2002). Evidence should only be excluded in limine when it is clearly inadmissible on all potential grounds. *Gage v. Metro. Water Reclamation Dist. Of Greater Chicago*, 356 F.Supp. 2d 919, 926 (N.D. Ill. 2005). Otherwise, rulings should be deferred until trial so that questions of foundation, competency, relevance and potential prejudice may be resolved in proper context. *Id.*

Plaintiff has filed twenty-nine motions in limine. Defendant does not oppose plaintiff's second, fourth, fifth, seventh, eighth, twelfth, eighteenth, nineteenth, twenty-first, twenty-third or twenty-fifth motions in limine. I will grant those motions as unopposed.

Defendant has filed ten motions in limine. Plaintiff does not oppose defendant's first, second, third or fourth motions in limine. I will grant those motions as unopposed.

### A. Plaintiff's First Motion in Limine and Defendant's Eighth Motion in Limine

Plaintiff seeks to exclude evidence of his prior arrests and prior convictions as well as evidence of items found in his vehicle. Defendant opposes the motion in part, seeking to admit evidence of some of plaintiff's prior convictions and has filed his own motion to admit that evidence.

Defendant argues he should be allowed to introduce evidence of plaintiff's 2015 conviction for felony burglary. Because the conviction is less than ten years old, it may be admitted for purposes of impeachment unless its probative value is outweighed by its prejudicial effect. Fed. R. Evid. 609(b). The Seventh Circuit has cautioned that "[p]resenting a § 1983 plaintiff's criminal history to the jury presents a substantial risk that the jury will render a defense verdict based not on the evidence but on emotions or other

improper motives, such as a belief that bad people should not be permitted to recover from honorable police officers." *Barber v. City of Chicago*, 795 F.3d 702, 714 (7th Cir. 2013). A conviction for burglary is not probative of plaintiff's credibility and any probative value it may have is outweighed by its prejudicial effect. Defendant argues that he may introduce the conviction under Fed. R. Evid. 404(b) as evidence of plaintiff's motive for evading the police, but plaintiff's motive for fleeing is not relevant to whether defendant's use of force was reasonable. Defendant may not introduce evidence of the 2015 conviction.

Defendant also seeks to introduce plaintiff's convictions for fleeing/eluding an officer, second degree recklessly endangering safety, and criminal damage to property. These convictions were based on plaintiff's conduct the night of the underlying incident and defendant argues that they are relevant to whether he acted reasonably or with reckless disregard for plaintiff's rights. But while the facts underlying the convictions are relevant, the convictions themselves occurred after defendant shot plaintiff and have no bearing on whether the use of force was reasonable. And any probative value the convictions may have is outweighed by their prejudicial effect. I will grant plaintiff's first motion in limine and deny defendant's eighth motion in limine.

### B. Plaintiff's Third Motion in Limine

Plaintiff requests an order barring defendant from conducting criminal background checks on jurors. Plaintiff cites to no law or authority supporting such an order, so I will deny plaintiff's third motion in limine.

### C. Plaintiff's Sixth Motion in Limine

Plaintiff seeks to exclude evidence or testimony regarding defendant's commendations, awards or performance reviews. This evidence is not relevant to whether defendant's use of force was reasonable and would be unfairly prejudicial. It would also serve the improper function of providing evidence of the defendant's character "for the purpose of proving action in conformity" with his character on a particular occasion. Fed. R. Evid. 404(a). I will grant plaintiff's sixth motion in limine.

### D. Plaintiff's Ninth, Tenth, and Eleventh Motions in Limine

Plaintiff seeks to preclude Rachel Shemenaur, Arthur Meunch, and Leslie Boese from testifying. Defendant states that he does not plan to call these witnesses, so these motions are denied as moot.

### E. Plaintiff's Thirteenth Motion in Limine

Plaintiff seeks to exclude evidence that he entered someone's residence while running from the police during the underlying incident. Plaintiff argues that whether he entered the home is not relevant to whether defendant was later justified in using deadly force. But whether an officer's use of force is reasonable is determined by the totality of the circumstances known to the officer at the time. *Payne v. Pauley*, 337 F.3d 767, 778 (7th Cir. 2003). If defendant can establish he knew at the time of the shooting that plaintiff had entered the home, the evidence might be relevant to the jury's inquiry. I will deny plaintiff's thirteenth motion in limine but reserve the right to reconsider it at trial.

### F. Plaintiff's Fourteenth Motion in Limine and Defendant's Ninth Motion in Limine

Plaintiff seeks to exclude that there was a felony warrant for plaintiff's arrest when he was shot. Defendant has filed a motion seeking to admit evidence of the warrant as

well as evidence that plaintiff was on probation at the time. Because it does not appear that defendant was aware of the warrant or plaintiff's probation status when he shot plaintiff, the evidence is not relevant to whether his use of force was reasonable and would be unfairly prejudicial. Defendant argues that the warrant may be relevant to plaintiff's motive for fleeing the police, but again plaintiff's motive is not relevant to whether the use of force was reasonable. I will grant plaintiff's fourteenth motion in limine and deny defendant's ninth motion in limine.

### G. Plaintiff's Fifteenth Motion in Limine

Plaintiff seeks to exclude evidence that he prematurely removed a cast from his arm after he was treated for his injuries. Plaintiff argues the incident is irrelevant to whether defendant's use of force was reasonable. But plaintiff is seeking damages for injuries stemming from the shooting, and whether he prematurely removed a cast meant to treat those injuries may be relevant to the jury's damage considerations. I will deny plaintiff's fifteenth motion in limine.

### H. Plaintiff's Sixteenth Motion in Limine

Plaintiff seeks to bar any witness from commenting on the credibility of any evidence or other witness. Generally, such testimony is not allowed as it usurps the role of the jury, *United States v. Nunez,* 532 F.3d 645, 652 (7th Cir. 2008), but because plaintiff does not identify any specific testimony he seeks to exclude I cannot evaluate the issue at this time. I will deny this motion for now and address any issues if they come up at trial.

### I. Plaintiff's Seventeenth Motion in Limine

Plaintiff seeks to bar Detective Aaron Hoppe from offering an opinion as to whether the shooting was jusitified. Hoppe's conclusion that the shooting was justified is a legal

conclusion based on his own credibility determinations and would improperly usurp the role of the jury. *See Id.* I will grant plaintiff's seventeenth motion in limine.

### J. Plaintiff's Twentieth Motion in Limine

Plaintiff seeks to exclude evidence that defendant was not charged with a crime for the shooting. Whether defendant committed a crime under Wisconsin state law is not relevant to whether his actions were reasonable under the Fourth Amendment and the evidence would be unfairly prejudicial. *See Thompson v. City of Chicago*, 472 F.3d 444, 454 (7th Cir. 2006). I will grant plaintiff's twentieth motion in limine.

### K. Plaintiff's Twenty-Fourth Motion in Limine

Plaintiff seeks to bar any comments or argument from any attorney regarding their personal opinion on the merits of the case or the credibility of witnesses. Because plaintiff has not identified specific testimony or comments he seeks to exclude, however, I cannot evaluate this issue. I will deny the motion for now and address any issues if they come up at trial.

### L. Plaintiff's Twenty-Seventh Motion in Limine

Plaintiff seeks permission to treat all law enforcement officers as adverse witnesses pursuant to Fed. R. Evid. 611(c)(2). Rule 611(c)(2) permits leading questions when a party calls a witness identified with an adverse party. Police officers who work closely with a defendant at the same agency and who were present at the underlying incident are generally considered witnesses identified with an adverse party. *Ellis v. City of Chicago*, 667 F.3d 606, 613 (7th Cir. 1981). I will therefore grant the motion as regards the Menomonee Falls police officers. But there is no evidence that Waukesha County

Sheriff's Department officers worked closely with defendant or are otherwise identified with defendant, so I will deny the motion as regards the Sheriff's Department officers.

### M. Plaintiff's Twenty-Eighth Motion in Limine

Plaintiff seeks to exclude any argument that police officers have dangerous jobs, face dangerous situations, are heroes, serve and protect the public, or other similar comments. Defendant agrees that such comments would be improper but stresses that he should be allowed to argue that the events the night of the shooting presented a dangerous situation. I agree that whether defendant confronted a dangerous situation the night of the shooting is relevant to whether his use of force was reasonable. I will grant the motion, but defendant will be allowed to present evidence that he confronted a dangerous situation the night of the shooting.

### N. Plaintiff's Twenty-Ninth Motion in Limine

Plaintiff seeks to exclude any argument that plaintiff's medical damages are limited by the amount his insurance or other third parties paid. Defendant states that he does not intend to produce such evidence unless plaintiff argues he has incurred out-of-pocket costs. Accordingly, I need not decide this motion now and will address the issue if it arises at trial.

### O. Defendant's Fifth Motion in Limine

Defendant seeks to exclude testimony from Marshall Beckman, a doctor who treated plaintiff after he was shot, on the grounds that plaintiff did not timely disclose the witness. I discussed this issue with the parties during a status conference on January 5, 2023, and the parties are attempting to stipulate to medical facts so that medical witnesses will be unnecessary. If the parties are unable to agree, however, Dr. Beckman

may testify. Rule 27 provides that a party who, without substantial justification, fails to disclose a witness as required by Rule 26(a) is not permitted to use such witness at trial unless the failure was harmless. Here, the failure appears to be harmless. Defendant obtained plaintiff's medical records, and Dr. Beckman's testimony will likely be limited to the contents of those records. If necessary, defendant may depose Dr. Beckman before the trial. I will deny defendant's fifth motion in limine.

### P. Defendant's Sixth Motion in Limine

Defendant seeks to bar four of plaintiff's medical providers, who did not submit expert reports, from providing testimony about the permanence, prognosis, or causation of plaintiff's injuries. Generally, treating medical providers who do not submit expert reports must limit expert testimony to opinions formed as part of their treatment, as opposed to opinions solicited by counsel. *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 757 (7th Cir. 2004). The opinions the medical providers will offer—that plaintiff's injuries were caused by bullets, that one bullet remains in the plaintiff's body, and that metal hardware was installed in plaintiff's arm to set his bone—are opinions that were formed as part of treatment rather than those solicited by counsel. I will deny defendant's sixth motion in limine.

### Q. Defendant's Seventh Motion in Limine

Defendant seeks to exclude testimony from plaintiff's mother and cousin regarding damages suffered by plaintiff on the grounds that such testimony would be cumulative. Without knowing the factual record that will be developed at trial, however, I cannot say whether their testimony would be cumulative. I will deny this motion for now and address the issue if it comes up at trial.

### R. Defendant's Tenth Motion in Limine

Defendant requests that I prohibit plaintiff, his attorney and his witnesses from implying that plaintiff was targeted due to his race. Plaintiff states that he will not introduce allegations or evidence of racial animus, but may reference the undisputed fact that plaintiff, a black man, was shot by a white officer. I agree with plaintiff that simply referencing the parties' race would not be prejudicial, especially considering that the jury will see both the plaintiff and the defendant at trial and will be aware of their respective races. I will grant the motion as regards unfounded allegations of racial animus, but plaintiff is not barred from mentioning the race of the parties.

### S. Defendant's Motion to Strike Plaintiff's Expert Designations

Finally, defendant has filed a motion objecting to the designation of Dr. Gregory Schmeling, a doctor who treated plaintiff's injuries, as an expert and objecting to the use of Dr. Schmeling's deposition video at trial. This motion is not fully briefed, so I will not decide it at this time. However, based on my conversations with the parties on January 5, 2023, I will reiterate my hope that the parties are able to stipulate to medical facts such that this witness is unnecessary.

## III. CONCLUSION

For the reasons stated, **IT IS ORDERED** that plaintiff's motion at ECF no. 74 is **GRANTED IN PART** and **DENIED IN PART** as explained above.

**IT IS FURTHER ORDERED** that defendant's motion at ECF no. 76 is **GRANTED IN PART** and **DENIED IN PART** as explained above.

Dated at Milwaukee, Wisconsin, this 10th day of January, 2023.

    /s/Lynn Adelman
LYNN ADELMAN
United States District Judge