UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Devon Tyrone Evans,

                Plaintiff,                Case No. 22CV00606

v.

Eric Hansen,

                Defendant.

## DEFENDANT'S MEMORANDUM OF LAW REGARDING OFFICER CARLSON HEARSAY RULING

Defendant contends that Plaintiff's counsel suggested Officer Carlson's testimony—that he observed a handgun in Devon Evans hand—was a lie, fabricated to help Officer Hansen win this lawsuit--because he did not mention the gun during a reenactment which was played for the jury. Officer Carlson responded that he did not mention it because he had previously been interviewed and did not think he needed to again provide those details. On cross, defense counsel asked Officer Carlson if he was interviewed by Detective Busler on November 6, 2018 but was prevented from asking Officer Carlson if during that interview he told Detective Busler he observed a firearm in Plaintiffs' hand.

Defendant argues that Officer Carlson's statement to Detective Bradley Busler on November 6, 2018, prior to the reenactment stating, "he saw the suspect run across Crosswood Dr. [*sic]* and in his observation he saw in his right hand that the suspect had something black that looked like a handgun, and he heard the suspect yelling "I'll shoot, I'll shoot" are admissible to rebut that allegation, as they were created before the lawsuit was filed—indeed, before Officer Carlson knew what Officer Hansen had seen—when he had no motivation to lie.

"Prior consistent statements that are offered to rebut a charge of recent fabrication or improper influence or motive are not hearsay." *United States v. Alviar*, 573 F.3d 526, 541 (7th Cir. 2009) (citing Fed. R. Evid. 801(d)(1)(B); *Tome v. United States*, 513 U.S. 150, 157–58, 115 S.Ct. 696, 130 L.Ed.2d 574 (1995)). Federal Rules of Evidence Rule 801(d)(1)(B)(i) and (ii) provides:

> (d) Statements That Are Not Hearsay. A statement that meets the following conditions is not hearsay:
> (1) *A Declarant-Witness's Prior Statement*. The declarant testifies and is subject to cross-examination about a prior statement, and the statement:
> (A) is inconsistent with the declarant's testimony and was given under penalty of perjury at a trial, hearing, or other proceeding or in a deposition;
> (B) is consistent with the declarant's testimony and is offered:
> (i) to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying; or
> (ii) to rehabilitate the declarant's credibility as a witness when attacked on another ground

"Such statements are admissible if they satisfy a four-part test: (1) the declarant testifies at trial and is subject to cross-examination; (2) [his] prior statement is indeed consistent with [his] trial testimony; (3) the statement is offered to rebut an explicit or implicit accusation of recent fabrication; and (4) the statement was made before the declarant had a motive to fabricate." *Alviar,* 573 F.3d at 541.

Dated this 7th day of February 2023.

                                        **WIRTH + BAYNARD**
                                        Attorneys for Defendant

BY:   */s/ Kiley B. Zellner*
        Kiley B. Zellner, WI Bar No. 1056806
        9898 W. Bluemound Road, Suite 2
        Wauwatosa, Wisconsin 53226
        T: (414) 291-7979 / F: (414) 291-7960
        Email: kbz@wbattys.com